IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRENDA L. ROBINETTE, :
:
       Plaintiff, :
:
v. : Case No. C2-08-CV-149
:
OLENTANGY LOCAL SCHOOLS, et al., : JUDGE ALGENON L. MARBLEY
: Magistrate Judge Kemp
       Defendants. :

## OPINION AND ORDER

This matter is before the Court on Plaintiff Brenda L. Robinette's ("Plaintiff") Motion to Dismiss Case Without Prejudice (no. 19). On February 19, 2008, Plaintiff filed her Complaint with this Court alleging that Defendants Olentangy Local Schools and the Oak Creek Elementary School ("Defendants") discriminated against her and her son. Defendants responded with a Motion to Dismiss. On April 17, 2008, Plaintiff filed an amended complaint. Defendants moved to dismiss the amended complaint. The Court has not yet ruled on Defendants' Motions to Dismiss.

On July 18, 2008, Plaintiff filed a *pro se* Motion To Dismiss Case Without Prejudice. In the Motion, Plaintiff states that she would like to dismiss this action without prejudice because she desires "to bring the same case forward to the courts at a later date and time" when she might be able to afford representation. Defendants do not oppose the Motion.

A plaintiff may voluntarily dismiss an action without a court order by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." F. Rule Civ. P. 41(a)(1)(A). A defendant's motion to dismiss does not constitute an answer or summary judgment motion under Rule 41(a)(1). *Aamot v. Kassel*, 1 F.3d 441, 444-45 (6th Cir.

1993). While Defendants have filed motions to dismiss Plaintiff's complaint, they have neither filed an answer to Plaintiff's original or amended Complaint nor have they filed a motion for summary judgment. Therefore dismissal of Plaintiff's action without prejudice is appropriate under Federal Rule of Civil Procedure 41(a)(1)(A).

Voluntary dismissal without prejudice is also appropriate under Rule 41(a)(2), which allows the court to dismiss a case "on terms that the court considers proper." Under Rule 41(a)(2), a plaintiff may request dismissal by court order. Dismissal without prejudice is appropriate unless "[the] defendant would suffer plain legal prejudice . . . as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994) (internal quotation marks omitted). To determine whether the defendant will suffer legal prejudice as a result of dismissal without prejudice, a court should consider: (1) how much effort and expense the defendant has expended in the matter; (2) any lack of diligence on the plaintiff's part in prosecuting the case; (3) whether the plaintiff has given sufficient explanation of her need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Id*. at 718.

All of those factors counsel for dismissal in this case. Defendants have not yet filed for summary judgment and the suit is still in its early stages so Defendants' expense and effort have been relatively minimal. Also, there has been no delay by Plaintiff in pursuing the matter. Finally, Plaintiff has adequately explained her desire to take a dismissal and recommence the suit at a time when she can afford counsel. Therefore, dismissal is also proper under Rule 41(a)(2).

For the reasons set forth above, Plaintiff's Motion to Dismiss Case Without Prejudice (no. 19) is **GRANTED** and Defendants' Motions to Dismiss (nos. 9 and 13) are **MOOT**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley  
                                                **ALGENON L. MARBLEY**  
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: October 14, 2008**